UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| NFN NMI VALANCE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:09 CV 328 JM |
| | ) | |
| GARY A. FLAUDING, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Valance filed a *pro se* complaint for libel, slander, and defamation, alleging that on August 28, 2009, defendant Gary Flauding "maliciously transmitted and published an e-mail message" containing an untrue, false, and defamatory message to the St. Joseph Township Trustee's office. (DE 1 at 1). The plaintiff also seeks leave to proceed *in forma pauperis*. The plaintiff and defendant are citizens of Indiana and are private parties.

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2).

Valance alleges he was the victim of a vicious, untrue, false, and defamatory message sent by a private citizen to the township trustee's office. The complaint does not allege a basis for jurisdiction in this court, and this court has no basis for jurisdiction over this claim. Defamation is not a federal cause of action and absent diversity of citizenship, which is not present here, Valance may not bring a defamation claim in this court. Defamation is a state tort action, actionable in state court. Even if this complaint presented a claim that a person acting under color of state law defamed Valance, it would not be actionable in this court. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (holding that "the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.").

For the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* (DE #2) and **DISMISSES** this cause of action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) without prejudice to the plaintiff's right to refile his claim in state court.

**SO ORDERED.**

Date: December 2, 2009

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT